## WENTWORTH *versus* THE SANFORD MANUFACTURING COMPANY.

A right by prescription to flow land to a given height, by means of a mill dam, cannot be sustained, unless the flowing had caused damage to the owner of the land.

Whether a prescriptive right to flow land to a given height, can be proved, in order to reduce the damage occasioned by the dam, when elevated above that height ; *quere.*

*D. Goodenow* and *N. D. Appleton*, for the complainant.

*Eastman*, for the defendant.

TENNEY, J. orally. — This is a complaint under the statute

to recover for flowing the complainant's land by means of a mill dam.

The defendants pleaded the general issue, and also that on the first day of September, 1845, and from that time to the present, they have had and still have good right to erect and maintain the dam at the height it has been raised by them, and to flow the land, to the extent they have been flowed by means thereof, without the payment of damages. The jury returned a verdict in favor of the complainant upon the general issue. And, to questions propounded to them, they answered, that the respondents and those under whom they claim, had flowed the land continuously for more than twenty years before the date of this complaint; but that it was not proved that during that period they had flowed so high as they have flowed by the present dam.

Commissioners were appointed to assess the damage. At the hearing before the commissioners, the counsel for the respondents moved that they receive testimony as to the difference between the height of their dam as it has been since Sept. 1845, and the height at which it had been kept up continuously for more than twenty years previous to that time ; and also that the commissioners in their estimation of the damages, will consider and report, what portion of the same was occasioned by the increase in the height of the dam erected in 1845, over and above its height, as it had been kept up and maintained for more than twenty years previous to that time ; and also, what proportion of the damage was occasioned by reason of the dam being made *tighter* than it had been for more than twenty years previously. This motion was overruled by the commissioners, and they assessed the damage, and made their report, and stated that they did not receive any testimony in relation to, nor take into consideration, any damage done by flowing the land, prior to September 15, 1845, nor prior to building the dam in September, 1845 ; and that the damages awarded, were done to the complainant by flowing his land, by means of the dam ; and that they had not

undertaken to ascertain whether the dam is, or is not, *higher* or *tighter* than any previous one.

The respondents except to the report of the commissioners. And the question now is, whether the commissioners have conducted legally in their estimation of the damage. It is a well settled principle, that the owner of land flowed by means of a dam erected for the use of a water mill, cannot maintain an action against the person who erects and keeps up the dam, unless he has sustained damages by reason of such flowing. It appears in this case, that the complainant's land had been flowed for more than twenty years before the new dam was erected in 1845. But it does not appear that he had sustained damages by the flowing for each year during that time.

The respondents could not have acquired a prescriptive right to flow the complainant's land, without the payment of damages, unless the latter had suffered injury or sustained damages, by such flowing. The complainant could not have maintained an action for the flowing, without proof that he had sustained damages.

We do not therefore perceive that the complainant can be restricted from recovering all the damage sustained from the whole elevation of the dam. *Exceptions overruled.*